UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EBERTO BAUTISTA,                       )    3:18-cv-00194-MMD-WGC
                                       )
            Plaintiff,                 )    **ORDER**
                                       )
    vs.                                )
                                       )
NEVADA DEPARTMENT OF                   )
CORRECTIONS, *et al.*,                 )
                                       )
            Defendants.                )
_____)

    Before the court is Plaintiff's Motion to Vacate Mediation (ECF No. 8). Plaintiff requests the court vacate the mediation which is scheduled for May 20, 2019, due to "three (3) inmates at Lovelock have participated in mediation in the last 6 months, and all claim it is a waste of time because the state is not acting in good faith, but as a delaying tactic." (*Id.*)

    The history of this case reflects the court screened Plaintiff's complaint and allowed Plaintiff's First Amendment free exercise, RLUIPA claims and Fourteenth Amendment Equal Protection Clause claim to proceed against Defendants Henry, Roskamm, Baker, and Dzurenda. (ECF No. 6 at 12.) The court ordered a ninety-day stay on further filings and directed the parties to participate in a settlement conference. The court indicated it would refer the case to the court's Inmate Early Mediation Program. In the meantime, Plaintiff's obligation to pay the $350.00 filing fee, either in full or in installments if Plaintiff was granted *in forma pauperis* status, was stayed.

    The court's screening order, however, allowed a party to seek to remove the case from the inmate mediation program. (ECF No. 6 at 14.) Plaintiff filed a timely request to exclude the case from the Inmate Mediation Program. (ECF No. 8.) Plaintiff's rationale is that (1) several inmates at Lovelock

have participated in mediation in the last 6 months, and all claim it is a waste of time, (2) Plaintiff's "purpose is not to just obtain money damages for denying him bread and grape juice for his religious services, and kosher diet, but also to require the NDOC official to provide him with grape juice and bread for services, and kosher meals equal to G.P. inmates meals, and holy day as well," and (3) Plaintiff believes mediation would be a waste of time. (*Id.* at 2.)

In the court's extensive experience with the mediation and settlement conference process, parties would frequently express pessimism that their case had any chance of settlement. Yet, on numerous occasions, the parties were indeed able to come to an accord and successfully resolved their dispute. Certainly not all of the "unsettle-able" cases settled, but many do. One fact that is fairly undisputable is that if the parties do *not* at least undertake a settlement dialogue, the case will most definitely *not* settle.

Even if a case does not settle, there is nevertheless a benefit to the parties by exploring and addressing the strengths and weaknesses of their claims and defenses. From the perspective of the governmental defendants, the discussions may shed light on potentially errant policies, decisions, procedures or activities and possibly allow corrective action to be undertaken. And from the standpoint of an inmate Plaintiff, he may be educated about the technical nuances of § 1983 litigation which may cause him to re-evaluate the propriety of his claims. In either event, it cannot be overlooked that an early settlement of an inmate's case allows him to avoid immediately incurring the expense of the $350.00 filing fee which would otherwise have to be paid to the court if the case were to proceed in the absence of mediation.

Therefore, to further the interests of justice, this matter will proceed to the Inmate Early Mediation Program in accordance with the court's screening order (ECF No. 6).

Plaintiff's Motion to Vacate Mediation (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 28, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE