1
2
3                    UNITED STATES DISTRICT COURT
4                          DISTRICT OF NEVADA
5                                 * * *

6   EBERTO BAUTISTA,                        Case No. 3:18-cv-00194-MMD-CSD
7                         Plaintiff,                    ORDER
          v.
8
    NEVADA DEPARTMENT OF
9   CORRECTIONS, et al.,

10                        Defendants.[1]

11

12  **I.    SUMMARY**

13       On March 4, 2021, the Court granted Defendants' motion for summary judgment in its entirety. (ECF No. 84 ("SJ Order").) After judgment was entered, pro se Plaintiff Eberto Bautista appealed. (ECF No. 86.) The Ninth Circuit affirmed in part, finding that summary judgment was appropriate on Plaintiff's First Amendment and RLUIPA[2] claims as they related to the NDOC's policy that inmates must acquire group worship consumables themselves as well as on his equal protection claim. (ECF No. 91 at 3.) The Ninth Circuit also vacated the SJ Order in part, finding summary judgment was not appropriate on Plaintiff's First Amendment and RLUIPA claims "arising from the Common Fare diet and its preparation." (*Id.* at 4.) To effectuate the mandate, the Court vacated its SJ Order in part. (ECF No. 95 ("Order").) Plaintiff's pro bono counsel moved for reconsideration of the Order, asking the Court to reconsider the limitation of issues for

---

[1] Defendants are Nevada Department of Corrections ("NDOC") Director Charles Daniels, former Lovelock Correctional Center ("LCC") Warden Renee Baker, LCC Culinary Food Services Manager Maribelle Henry, and Rabbi Yisroel Roskamm.

[2] Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc-2000cc-5.

trial. (ECF No. 143("Motion").)[3] Because the Court agrees that the Order identifies the issues for trial more narrowly than the Ninth Circuit's disposition, the Court grants the Motion.

## II.    DISCUSSION

Reconsideration is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff asks the Court to reconsider the Order on the second ground, asserting the Court clearly erred in limiting the issues for trial. (ECF No. 143 at 4.)

The SJ Order recognized that Plaintiff's First Amendment's free exercise clause and RLUIP claims are grounded on three cognizable arguments that Defendants substantially burdened Plaintiff's religious practice: sufficiency of the Common Fare diet; inadequacy of kosher meal preparations; and availability of required religious materials for service and high holy days, requiring Plaintiff to purchase items needed. (ECF No. 84 at 9-12.) The Court granted summary judgment on all three grounds, finding Plaintiff's allegations failed to show that Defendants substantially burdened his religious exercise. (*Id.*) The Court also excluded from consideration Plaintiff's allegations that the Court determined were newly raised in connection with summary judgment. (*Id.* at 5, 11.)

The Ninth Circuit affirmed summary judgment only as to the third ground—that Plaintiff failed to show "the prison policy requiring inmates to acquire group consumables themselves" substantially burdened Plaintiff's group worship activities. (ECF No. 91 at 3.)[4] The Ninth Circuit found the Court "erred in granting summary judgment to the Defendants on Bautista's First Amendment and RLUIPA claims arising from the Common Fare diet and its preparation." (*Id.* at 4.) The Ninth Circuit further determined that this

---

[3]Defendants responded (ECF No. 143) and Plaintiff replied (ECF No. 148).

[4]The Ninth Circuit also affirmed the SJ Order as to Plaintiff's equal protection claims. (ECF No. 91 at 3.) But that ruling is not relevant to the Motion.

2

Court "erred in refusing to consider much of Bautista's proffered evidence detailing his religious dietary needs." (*Id.*) But in effectuating the mandate, the Order indicated that "[t]he court found there was genuine dispute of material fact as to whether Bautista's religious beliefs required him to receive meals prepared only by heterosexual individuals and whether those beliefs have been substantially burdened." (ECF No. 95 at 2.) The Court then directed that the order granting summary judgment "is vacated in part as specified herein." (*Id.* at 2.) Thus, the Order is clearly erroneous and created a confusing record that the issues for trial are limited to "meals prepared only by heterosexual." That error warrants reconsideration.

The Court agrees with Plaintiff that the Ninth Circuit's disposition reverses summary judgment on the first two grounds: sufficiency of the Common Fare diet and inadequacy of kosher meal preparations. The Order erroneously limited Plaintiff's claims for trial. The Court accordingly grants the Motion. The remaining First Amendment and RLUIPA claims cover Plaintiff's allegations relating to the adequacy of the Common Fare diet and of kosher meal preparations.

The SJ Order excluded Plaintiff's new allegations raised in connection with summary judgment. (ECF No. 84 at 5 n. 3, 11.) Plaintiff argues the Court should allow him to proceed on these allegations consistent with the Ninth Circuit's disposition. While the Ninth Circuit did not identify what "Bautista's proffered evidence detailing his religious dietary needs" the Court erred in refusing to consider (ECF No. 91 at 4), the Court agrees with Plaintiff that the Court should construe the disposition to include the evidence that the Court excluded in the SJ Order. Accordingly, the Court grants the Motion to allow for trial to proceed on the issues identified in the Motion (ECF No. 143 at 5-6).[5]

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and

---

[5] The Court declines to consider Defendants' alternative argument raised in its opposition brief as to discovery and renewed summary judgment motion.

determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff's motion for reconsideration (ECF No. 143) is granted.

It is further ordered that the parties file a joint status report, proposing a schedule to bring this case to trial. The joint status report must be filed within 14 days.

DATED THIS 10th Day of February 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE